**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-50343 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-03077-LAB-1 |
| v. | |
| ADALBERTO MAGANA-GONZALEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted October 16, 2019[**]
Pasadena, California

Before:  NGUYEN and MILLER, Circuit Judges, and VITALIANO,[***] District Judge.

Adalberto Magana-Gonzalez appeals his conviction for being a removed

alien found in the United States, in violation of 8 U.S.C. § 1326, following a jury

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

trial.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.    The district court did not abuse its discretion when it permitted DEA Special Agent Chad Plennes to testify as an expert witness for the government. Agent Plennes, a 14-year DEA special agent, had conducted numerous drug trafficking investigations, including work with confidential informants, undercover agents, and wiretaps.  He had spoken with other DEA agents and reviewed DEA databases regarding means of drug trafficking, including backpack smuggling. Given his background and experience, Agent Plennes qualified as an expert.  And Agent Plennes did not purport to opine beyond the scope of his expertise.  The geographic limitations of his opinions, and other similar constraints, went to the weight rather than the admissibility of his testimony.  *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013) (noting that "the judge is supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable").

2.    The district court also did not commit reversible error when it permitted Agent Plennes to testify regarding the out-of-court statements made by a Border Patrol agent.  Because Magana-Gonzalez did not object at trial, we review for plain error.  *United States v. Gomez*, 725 F.3d 1121, 1125 (9th Cir. 2013). "Under a plain error standard, relief is not warranted unless there is: (1) an error; (2) that was plain; and (3) that affected the defendant's substantial rights."  *United*

2

*States v. Tran*, 568 F.3d 1156, 1163 (9th Cir. 2009). To satisfy the third prong, the defendant bears the burden of showing that the error was prejudicial, i.e., it "affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). We need not reach the first two prongs because any error did not affect Magana-Gonzalez's substantial rights. The challenged statements had a minimal role in Magana-Gonzalez's trial, and they were largely repetitive of Agent Plennes's permissible testimony. Moreover, the evidence against Magana-Gonzalez was strong. He conceded the elements of the crime and relied solely on his affirmative defense of necessity. There were material inconsistencies in his story over time, and he did not make a strong showing that his only viable option was to cross into the United States unlawfully.

3. Magana-Gonzalez did not suffer a due process violation under *Napue v. Illinois*, 360 U.S. 264 (1959). "To establish a *Napue* violation, a defendant must show: (1) that the testimony was actually false, (2) that the government knew or should have known that it was false, and (3) that the testimony was material, meaning there is a 'reasonable likelihood that the false testimony could have affected the judgment of the jury.'" *United States v. Renzi*, 769 F.3d 731, 751 (9th Cir. 2014) (citation omitted). *First,* the district court did not err in concluding that the challenged testimony failed to satisfy the "actually false" element. The testimony of Border Patrol Agent Robert Jones corresponded to a reasonable

reading of an ambiguous exchange and did not plainly conflict with the transcript of the conversation.  *Second*, the district court also did not err in finding that Magana-Gonzalez suffered no prejudice from any potential omissions or misrepresentations in Agent Jones's direct testimony.  Defense counsel conducted a thorough cross-examination of Agent Jones, in which he elicited all the omitted and purportedly mischaracterized statements from the post-arrest colloquy.  Thus, the jury heard those aspects of the post-arrest statement that favored Magana-Gonzalez's defense, irrespective of any asserted gaps in Agent Jones's direct testimony.

4.     On this record, we find that cumulative error also provides no basis for reversal.

**AFFIRMED.**